UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barbara Raber,                                              Case No. 5:12-cv-00862

        Petitioner

   v.                                                       ORDER

Ginine Trim,

        Respondent

Before me is the Report and Recommendation of Magistrate Judge Kathleen B. Burke recommending denial of Petitioner Barbara Raber's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 13; Doc. No. 1). Magistrate Judge Burke also denied Raber's request for an evidentiary hearing, which was set forth in Raber's Traverse. (*See* Doc. No. 10). After receiving an extension of time, Raber filed her "[o]bjection to Magistrate[']s R&R." (Doc. No. 16).

Magistrate Judge Burke recommended I deny Raber's petition because the grounds for relief she presented in her habeas petition were procedurally defaulted. (Doc. No. 13 at 21). Magistrate Judge Burke concluded Raber's ineffective-assistance-of-appellate-counsel arguments were procedurally defaulted because the state court rejected her Ohio Appellate Rule 26(B) Application for Reopening as untimely. (Id. at 16-17). If a state procedural rule prevents the state courts from considering the merits of a petitioner's claims, the claims are procedurally defaulted and a federal court may not consider them. *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). A claim is procedurally defaulted if (1) there is a state procedural rule the petitioner did not follow; (2) the state courts actually enforced the rule; (3) the procedural rule is an adequate and independent state ground that

may foreclose federal review of the petitioner's claims; and (4) the petitioner cannot show "cause" for failing to follow the rule and "prejudice" resulting from this failure. *Carter v. Mitchell*, 443 F.3d 517, 537-38 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1985)). A procedural default may be excused if a miscarriage of justice would result from enforcing the procedural default. *Carter*, 443 F.3d at 538.

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147).

A petitioner must make specific objections to a magistrate judge's report in order to preserve her claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Raber does not object to Magistrate Judge Burke's conclusion that her attorney's alleged failure to assist Raber with filing a timely Rule 26(B) motion does not constitute cause to excuse her procedural default because Raber does not have a constitutional right to counsel at that stage of the proceedings. (*See* Doc. No. 13 at 18). She has waived review of this portion of the Report and Recommendation. *Thomas*, 474 U.S. at 149-53.

Raber argues she did not commit the crime for which she was convicted and thus Magistrate Judge Burke erred in concluding the fundamental-miscarriage-of-justice exception did not excuse Raber's procedural default. (Doc. No. 16). "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Raber does not offer any new evidence, however; instead, she argues the evidence presented at trial was insufficient to support a guilty verdict. I overrule Raber's objection to the Report and Recommendation because questions of the legal sufficiency of evidence do not meet the requirements of the fundamental-miscarriage-of-justice exception. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Following review of the Magistrate Judge's Report and Recommendation, I adopt the Report and Recommendation in its entirety as the Order of the Court. Raber's petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is denied. I also conclude Raber fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253 and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge